UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON C. MCDUFFIE,

Plaintiff,

v. Case No. 25-CV-468

YANA PUSICH et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Brandon McDuffie is currently housed at the Milwaukee Secure Detention Facility and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on a First Amendment retaliation claim against Security Director Yana Pusich and an Eighth Amendment failure to intervene claim against ICE Tonia Moon, Lt. Justin Thomsen, and Lt. Brandon Fisher. (ECF No. 10.) Defendants filed a motion for summary judgment on June 22, 2026. (ECF No. 23.) In a notice and order, the Court reminded Plaintiff that, under Civil Local Rule 56(b)(2), his response materials were due July 22, 2026. (ECF No. 28.) The Court warned Plaintiff that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in Defendants' favor and the case being dismissed. At Plaintiff's request, the Court extended Plaintiff's deadline to respond to Defendants' motion for summary judgment to September 23, 2026. (*See* ECF No. 32.) The extended deadline has passed, and Plaintiff did not respond to Defendants' motion for summary judgment.

The Court has reviewed Defendants' motion, brief in support, supporting exhibits, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary

judgment. *See* Fed. R. Civ. P. 56(e)(3). As to Plaintiff's First Amendment claim, to survive summary judgment, Plaintiff was required to provide evidence that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (internal quotation marks and citation omitted). Plaintiff fails to satisfy the third prong of this standard because, according to the undisputed facts, Security Director Pusich was never informed that Plaintiff filed a lawsuit against her. Based on this record, no jury could reasonably conclude that Plaintiff's protected activity motivated Security Director Pusich's actions. Security Director Pusich is therefore entitled to summary judgment on this claim.

As for Plaintiff's Eighth Amendment failure to intervene claim, "[i]n order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation." *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (citation omitted). Because Security Director Pusich did not engage in retaliation and there is no underlying constitutional violation, Plaintiff's failure to intervene claim against ICE Moon, Lt. Thomsen, and Lt. Fisher fails. The Court concludes Defendants did not violate Plaintiff's constitutional rights; therefore, there is no need to address Defendants' defense of qualified immunity.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (ECF No. 23) is **GRANTED**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin on October 14, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.